IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON SILVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 14-cv-1938 |
| v. | ) |
| | ) |
| TOWNSTONE FINANCIAL, INC., | ) |
| BARRY STURNER and DAVID | ) JURY TRIAL DEMANDED |
| HOCHBERG | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

Jason Silver ("Plaintiff"), by and through his undersigned counsel, brings this action against Townstone Financial, Inc., Barry Sturner and David Hochberg ("Defendants" or "Townstone") and states as follows:

## NATURE OF ACTION

1. Plaintiff brings this action for unpaid wages, unpaid commission, unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs and other equitable and ancillary relief pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (hereinafter FLSA), the Illinois Minimum Wage Law 820 ILCS §§ 105 *et seq.* (hereinafter IMWL) and the Illinois Wage Payment and Collection Act, 820 ILCS §§ 115 *et seq.* (hereinafter IWPCA).

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under the FLSA and also pursuant to 28 U.S.C. §1332(a)(1), the matter in controversy in this civil action exceeds $75,000.00, exclusive of interest and costs and the parties are residents of different states.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because Defendants reside in, and conduct business within, this District and because the actions and omissions giving rise to the claims pled in this Complaint occurred within this District.

**PARTIES**

6. Plaintiff Jason Silver is an adult citizen of Chicago, Illinois. Plaintiff was employed by Defendants from May 2012 to February 6, 2014. Plaintiff worked in Defendants' offices located at 1141 West Randolph Street, Chicago, Illinois as an inside sales loan officer.

7. Defendant, Townstone Financial Inc. is a company with its corporate headquarters located in Chicago, Illinois. Defendant, Townstone sells mortgage loans and other financial products to customers throughout this District. Throughout the relevant period, Defendant was an "employer" of Plaintiff as defined by the FLSA, 29 U.S.C. §203(d), and was actively engaged in the activities described herein.

8. Defendant, Barry Sturner ("Sturner"), is the Chief Executive Officer "CEO" and owner of Townstone. In these capacities, Sturner was involved in the day to day business operations of Townstone and had authority to hire and fire employees, the

authority to direct and supervise the work of employees, including the Plaintiff in this case, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, including the decisions to classify Plaintiff as exempt or non-exempt, employee compensation and capital expenditures. At all relevant times, Sturner acted and had responsibility to act on behalf and in the interests of Townstone in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the decision to not pay Plaintiff in accordance with the minimum wage and overtime requirements of the FLSA. At all times hereinafter mentioned, Defendant Sturner was an "employer" as defined by the FLSA, the IWPCA and the IMWL. *See* FLSA, 29 U.S.C. § 203(d), the IWPCA, 820 ILCS § 115/2, and the IMWL, 820 ILCS § 105/3.

9. Defendant, David Hochberg ("Hochberg"), is the President and owner of Townstone. In these capacities, Hochberg was involved in the day to day business operations of Townstone and had authority to hire and fire employees, the authority to direct and supervise the work of employees, including the Plaintiff in this case, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, including the decisions to classify Plaintiff as exempt or non-exempt, employee compensation and capital expenditures. At all relevant times, Hochberg acted and had responsibility to act on behalf and in the interests of Townstone in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the decision to not pay Plaintiff in accordance with the minimum wage and overtime requirements of the FLSA. At all times hereinafter mentioned, Defendant Hochberg was

an "employer" as defined by the FLSA, the IWPCA and the IMWL. *See* FLSA, 29 U.S.C. § 203(d), the IWPCA, 820 ILCS § 115/2, and the IMWL, 820 ILCS § 105/3.

### COUNT I
### Failure to Pay Overtime Wages in Violation of the FLSA

10. Plaintiff re-alleges and incorporates the above paragraphs as if set forth herein.

11. FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

12. Throughout the relevant period, Defendants violated the FLSA by misclassifying Plaintiff as exempt from the FLSA's overtime pay requirement, even though he did not satisfy any test for exemption.

13. Throughout the relevant period, Defendants violated the FLSA by failing to maintain records of the time actually worked by the Plaintiff on a weekly basis.

14. Throughout the relevant period, Defendants violated the FLSA by routinely suffering or permitting Plaintiff to perform overtime work without being paid an overtime premium.

15. Throughout the relevant period, Plaintiff worked in excess of 40 hours per week, but was not paid an overtime premium of 1½ times his regular hourly rate for those additional hours.

16. Plaintiff has been harmed as a direct and proximate result of Defendants' unlawful conduct because he has been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendants derived a direct and substantial benefit.

17. Defendants are liable to Plaintiff for actual damages, liquidated damages, reasonable attorneys' fees and costs and equitable relief, pursuant to 29 U.S.C. § 216(b).

## COUNT II
**Failure to Pay Overtime Wages in Violation of the IMWL**

18. Plaintiff re-alleges and incorporates the above paragraphs as if set forth herein.

19. The IMWL requires Illinois employers, including Defendants, to pay overtime compensation to all non-exempt employees.

20. The IMWL requires Defendants to pay Plaintiff for all time worked in excess of 40 hours in a week at the rate of one-and-one-half times his regular hourly rate.

21. Defendants' actions, policies and/or practices as described above violate the overtime requirements of the IMWL by failing to compensate Plaintiff for hours worked in excess of 40 in a week at one-and-one-half times his regular rate.

22. As a direct and proximate result of this practice, Plaintiff has suffered loss of income and other damages to be determined at trial.

23. Under 820 ILCS § 105/12:

> If any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

24. Thus, Plaintiff is entitled to attorneys' fees and costs, his unpaid wages, and damages of 2 percent of the amount of the underpayments compounded monthly from the date of each underpayment.

25. Under 820 ILCS § 105/8:

> Every employer subject to any provision of this Act or of any order issued under this Act shall make and keep for a period of not less than 3 years, true and accurate records of the name, address and occupation of each of his employees, the rate of pay, and the amount paid each pay period to each employee, the hours worked each day in each work week by each employee, and such other information and make such reports therefrom to the Director as the Director may by regulation prescribe as necessary or appropriate for the enforcement of the provisions of this Act or of the regulations thereunder.

By failing to record and preserve records of hours worked by Plaintiff, Defendants have violated the provisions of Section 8 of the IMWL.

## COUNT III
**Unlawful Withholding of Wages and Commission in Violation of the IWPCA**

26. Plaintiff re-alleges and incorporates the above paragraphs as if set forth herein.

27. The IWCPA requires employers to pay employees all wages due within 13 days after the end of a semi-monthly or bi-weekly pay period or within seven days after a weekly pay period in full at the lawful rate.

28. If an employer fails to pay an employee all wages earned by the statutory deadline, the employee may commence a civil action to recover the amount of any underpayment and damages in the amount of 2 percent of each underpayment compounded monthly plus costs and reasonable attorneys' fees.  *See* 820 ILCS § 115/14.

29. Pursuant to 735 ILCS § 5/13-206, the statute of limitations applicable to the IWPCA is ten years after accrual of the cause of action.

30. Plaintiff is an employee for purposes of the IWPCA.

31. Defendants are employers for purposes of the IWPCA.

32. Defendants' actions, policies and/or practices as described above violate the IWPCA by failing to compensate Plaintiff for hours worked in excess of 40 in a week at one-and-one-half times his regular rate.

33. Defendants also violated the IWPCA by failing to pay Plaintiff for all wages due, including earned commission pay.

34. As a direct and proximate result of this practice, Plaintiff has suffered loss of income and other damages to be determined at trial.

35. As such, Plaintiff is entitled to the underpayment, damages in the amount of 2 percent compounded monthly and reasonable attorneys' fees and costs.

## COUNT IV
### Retaliation Under The FLSA

36. Plaintiff re-alleges and incorporates the above paragraphs as if set forth herein.

37. Defendants retaliated against Plaintiff in violation of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3) when it terminated him for making complaints about unpaid overtime and unlawful business charges related to his cell phone.

38. Defendants terminated Plaintiff as a direct result of his efforts to enforce his rights under the Fair Labor Standards Act.

39. Defendants terminated Plaintiff in order to harass, intimidate, and otherwise interfere with his attempt to vindicate his rights under the Fair Labor Standards Act.

40. Plaintiff has suffered damage including but not limited to lost wages, intimidation, harm to his reputation, legal costs, and delay as a result of Defendants' retaliation.

41. Plaintiff is entitled to equitable relief, monetary relief including but not limited to compensatory and other damages, reasonable attorneys' fees and costs, punitive damages, and other appropriate relief.

WHEREFORE, Plaintiff respectfully prays for an Order:

a. Finding that Defendants violated the applicable overtime provisions of the FLSA by failing to pay all required wages to Plaintiff;

b. Finding that Defendants willfully violated the applicable overtime provisions of the FLSA by failing to pay all required wages to Plaintiff;

c. Granting judgment in favor of Plaintiff on his FLSA claim;

d. Finding that Defendants violated the applicable overtime provisions of the IMWL by failing to pay all required wages to Plaintiff;

e. Finding that Defendants violated the applicable provisions of the IWPCA by failing to pay Plaintiff all wages due, including unpaid commission;

f. Finding that Defendant retaliated against Plaintiff in violation of the FLSA;

g. Awarding compensatory damages to Plaintiff in an amount to be determined;

h. Awarding pre-judgment interest to Plaintiff on all compensatory damages due;

i. Awarding liquidated damages to Plaintiff on all compensatory damages due in this action;

j. Awarding damages, including punitive damages, to Plaintiff for his claims of retaliation.

k. Awarding all costs and reasonable attorney's fees incurred prosecuting this claim;

l. Awarding any further relief the Court deems just and equitable; and,

    m. Granting leave to add additional case plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,

Dated: March 19, 2014

/s/ Ryan F. Stephan
STEPHAN ZOURAS, LLP
205 North Michigan Avenue, Suite 2560
Chicago, IL 60601
(312) 233 1550
(312) 233 1560 (f)
rstephan@stephanzouras.com

*Counsel for Plaintiff*