UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON SILVER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 14-cv-1938 |
| TOWNSTONE FINANCIAL, INC., BARRY STURNER and DAVID HOCHBERG | ) |
| | ) |
| | ) Judge Sharon Johnson Coleman |
| Defendants. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Jason Silver ("Silver") filed a four-count complaint against corporate defendant Townstone Financial, Inc. ("Townstone"), Barry Sturner ("Sturner") and David Hochberg ("Hochberg") (together "Defendants"), alleging failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL") and the Illinois Wage Payment Collection Act ("IWPCA"), and retaliatory discharge in violation of the FLSA. Defendants moved to dismiss all counts for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court grants the motion and dismisses the complaint without prejudice.

**Background**

The following facts are taken from the complaint and accepted as true for the purposes of ruling on the instant motion. Townstone, headquartered in Chicago and owned by Sturner and Hochberg, sells mortgage loans and other financial products. Sturner is Townstone's Chief Executive Officer and Hochberg is its President. Both were involved in Townstone's day-to-day business operations and had authority to hire, fire and supervise employees, sign on checking and

payroll accounts, and make decisions about wage and hour classifications and employee compensation.

Silver was employed by Townstone from May 2012 to February 2014 as an inside sales loan officer in Chicago, Illinois. Townstone classified him as an employee exempt from FLSA's overtime requirement.

Silver routinely performed overtime work – in excess of 40 hours per week – without being paid an overtime premium. He complained about not being paid overtime and about business charges related to his cell phone. At some point thereafter, Defendants terminated Silver's employment.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint rather than the merits of the claim. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a defendant's Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Detailed factual allegations are not required, but the plaintiff must allege facts that when "accepted as true … state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the complaint's factual content allows the Court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Id.*

**Discussion**

FLSA and IMWL Failure to Pay Overtime Claims

To state a claim for failure to pay overtime, a plaintiff must sufficiently allege forty hours

of work in a given workweek as well as some uncompensated time in excess of forty hours. *Lucero v. Leona's Pizzeria, Inc.*, No. 14 C 5612, 2015 WL 191176, at *2 (N.D. Ill. Jan. 13, 2015) (Kennelly, J.). The FLSA and IMWL contain similar overtime requirements and therefor they are analyzed using the same legal framework. *See* 29 U.S.C. §§ 206(a), 207(a)(1); 8210 ILCS 105/4a.

The Court recognizes the split of authority regarding the level of detail required to adequately plead an FSLA claim. *See, e.g., Brown v. Club Assist Road Serv. U.S., Inc.*, No. 12 CV 5710, 2013 WL 5304100, at *6 (N.D. Ill. Sept. 19, 2013) (Dow, J.); *Nicholson v. UTi Worldwide, Inc.*, No. 3:09-cv-722, 2010 WL 551551, at *2-3 (S.D. Ill. Feb. 12, 2010) (collecting cases). The complaint here falls within the category of cases warranting dismissal, given its conclusory allegations and dearth of factual support. *See, e.g., Butler v. E. Lake Mgmt. Group., Inc.*, No. 10-cv-6652, 2012 WL 2115518, at *5 (N.D. Ill. June 11, 2012) (Dow, J.); *Wilson v. Pioneer Concepts, Inc.*, No. 11-cv-2353, 2011 WL 3950892, at *2-3 (N.D. Ill. Sept. 1, 2011) (Darrah, J.). Silver merely alleges that "[t]hroughout the relevant period, [he] worked in excess of 40 hours per week, but was not paid an overtime premium of 1 ½ times his regular hourly rate for those additional hours." (Compl. ¶ 15.) This allegation alone is nothing more than a threadbare recital of the elements of a cause of action, which is insufficient to state a claim. *Iqbal*, 129 S. Ct. at 1949. In many instances, Silver's complaint provides even less factual support than the "skeletal" complaints dismissed by other courts. *Butler*, 2012 WL 2115518, at *5 and Dkt. 48 (while off the clock plaintiff was "frequently called by cell phone ... to work overtime hours in excess of forty hours in a work week); *Wilson*, 2011 WL 3950892, at *2-3 and Dkt. 1 (plaintiff alleged that she had to work during her lunch break, and that "Defendant did not account for all the time worked based on time clock punches, but instead rounded time to their

3

benefit").

Silver's bare-bones allegations fail to put Defendants on notice of his claim. Unlike the authority he cites, his complaint does not plead facts that plausibly suggest a right to relief above a speculative level. *See, e.g., Nicholson*, 2010 WL 551551 at *4 (allowing claim to proceed where plaintiff "listed specific tasks he performed off the clock without pay before work and during lunch breaks, and described some of the tasks in sufficient detail to suggest they were not *de minimis* or preliminary or postliminary to his paid work").

Defendants also contend that Silver's complaint does not satisfy the FLSA's jurisdictional requirements, specifically that Defendants are employers covered by the FLSA. Silver does not contest that he must establish the jurisdictional requirement. He argues instead that his claims are based on enterprise coverage under 29 U.S.C. § 207(a)(1), and that he has satisfied the requirement by alleging that "Townstone sells mortgage loans and other financial products to customers throughout the District." (Compl. ¶ 7.) However, a plaintiff is also required to show that the enterprise's "annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A). Silver's complaint does not contain any allegations regarding Defendants' sales volume or financial performance. Because this defect and those identified above may be curable, Silver's failure to pay overtime claims are dismissed without prejudice.

FLSA Retaliation Claim

To state a claim for retaliation under FLSA, a plaintiff must allege (1) that he engaged in a legally protected activity, (2) that he suffered an adverse employment action, and (3) a causal connection between the protected activity and the adverse action. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 703 F.3d 966, 972 (7th Cir. 2012). FLSA retaliation claims are

governed by the same legal analysis applicable to retaliation claims under Title VII of the Civil Rights Act of 1964. *Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 503 (7th Cir. 2004). While Silver is not required to plead a prima facie case at this stage, he nonetheless retains the burden of alleging facts sufficient to state all the elements of his claim. *Twombly*, 550 U.S. at 569-70.

Defendants' motion to dismiss challenges the sufficiency of Silver's allegations regarding causation. To meet the causal requirement, a plaintiff must allege his complaint led to or was a major factor in the adverse employment action – "speculation" will not suffice. *See Haywood v. Lucent Tech., Inc.*, 323 F.3d 524, 532 (7th Cir. 2003). Further, for the causal link prong to be satisfied, the decisionmaker of the adverse action should have knowledge that the plaintiff engaged in a statutorily protected activity. *See Bernier v. Morningstar, Inc.*, 495 F.3d 369, 376 (7th Cir. 2007) ("an employer cannot retaliate when it is unaware of any complaints").

Here, Silver alleges only that "[d]efendants retaliated against [him] in violation of the [FLSA] … when it terminated him for making complaints about unpaid overtime," and that he was terminated "as a direct result of his efforts to enforce his rights under the [FLSA]." (Compl. ¶¶ 37, 38.) Even if taken as true, Silver's allegations of causal connection are conclusory and do not contain sufficient factual material to raise a plausible right to relief. *Iqbal*, 129 S. Ct. at 1950. Silver's complaint says nothing about the manner or method in which he complained about the alleged unpaid overtime. He has not even identified the person or persons to whom he complained. Nothing alleged in the complaint suggests that any of the Defendants had knowledge of his alleged grievances. Silver has failed to allege how his termination had anything to do with his complaints and thus fails to allege the requisite causal connection. *See Haywood*, 323 F.3d at 532. Therefore, Silver's FLSA retaliation claim fails and is dismissed.

IWPCA Claim

Silver argues that his at-will employee status entitles him to "the protection afforded

5

under the IWPCA." (Pl. Br. 12.) The IWPCA does not establish a substantive right to overtime pay or any other kind of wage, but rather allows for a cause of action based on compensation wrongfully withheld pursuant to an employment contract or agreement. *Wharton v. Comcast Corp.*, 912 F. Supp. 2d 655, 658 (N.D. Ill. 2012) (Holderman, J.). The IWPCA requires an employer to "pay every employee all wages earned during the semi-monthly pay period," 820 ILCS 115/3, with "wages" defined as "any compensation owed … pursuant to an employment contract or agreement between the two parties, whether the amount is determined on a time, task, piece, or any other basis of calculation," 820 ILCS 115/2. Thus, the IWPCA mandates overtime pay only to the extent the parties' contract or agreement requires such pay. *See Hess v. Kanoski & Assocs.*, 668 F.3d 446, 453-54 (7th Cir. 2012); *Lopez v. Smurfit–Stone Container Corp.*, No. 02 C 7347, 2003 WL 297533, at *3 (N.D. Ill. Feb.10, 2003) (Kennelly, J.) ("The IWPCA [does] not create ... entitlement to overtime wages. In fact, the Seventh Circuit has stated that the IWPCA merely requires that the employer honor his contract.")

Silver's complaint does not allege the existence of an employment contract or agreement, explicit or implicit, entitling him to overtime pay for overtime hours worked. His at-will employment status alone does not suffice, Silver can state a claim only by alleging the existence of a contract or agreement that specifically gives him a right to the wages he seeks. *Brown v. Lululemon Athletica, Inc.*, No. 10 C 05672, 2011 WL 741254, at *2-3 (N.D. Ill. Feb. 24, 2011) (St. Eve, J.) (the inference that an employment agreement existed between the parties is distinct from the inference that the agreement contained any particular term). The complaint here includes no allegation that overtime pay for overtime hours worked was an aspect of the employment relationship. Accordingly, Silver's IWPCA claim fails and is dismissed. *See, e.g., Stark v. PPM Am., Inc.*, 354 F.3d 666, 672 (7th Cir. 2004) (rejecting an IWPCA claim for bonus

pay where the employee "has no employment contract setting out the terms of his bonus"); *Palmer v. Great Dane Trailers*, No. 05 C 1410, 2005 WL 1528255, at *4 (N.D. Ill. June 28, 2005) (St. Eve, J.) ("Because GDLP did not breach any contractual obligation to pay overtime, no IWPCA claim exists.").

**Conclusion**

For the foregoing reasons, Defendants' motion to dismiss [13] the entire complaint is granted without prejudice. Plaintiff Silver is given leave to file an amended complaint within 30 days of entry of this order to cure, at a minimum, the deficiencies identified above. Failure to do so will result in dismissal with prejudice and termination of this case.

SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Judge

DATED: March 17, 2015